IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PETROBRAS AMERICA INC., <br>     Plaintiff, <br><br> v. <br><br> VICINAY CADENAS, S.A., <br>     Defendant. | § § § § § § § § § § § § § § § Civil Action No. 4:12-CV-888 |

**DEFENDANT VICINAY CADENAS, S.A.'S MOTION TO COMPEL
PRODUCTION AND ANSWERS ON WRITTEN QUESTIONS FROM
<u>NON-PARTY RISERTEC, INC.</u>**

Vicinay Cadenas, S.A. moves the Court pursuant to Federal Rules of Civil Procedure 37 and 45 to require non-party RiserTec, Inc. to produce un-redacted documents to which no cognizable privilege applies, as such documents were duly requested by Vicinay Cadenas by subpoena under Rule 45. Relatedly, Vicinay Cadenas moves the Court to compel RiserTec, Inc.'s custodian of records to provide answers to written questions regarding the un-redacted documents upon producing them.

**I.
SUMMARY OF ARGUMENT**

In its document production to Vicinay Cadenas, RiserTec improperly

redacted two invoices arising from an agreement between it and Petrobras's counsel, DLA Piper LLP (US). The invoices appear to show charges for undisclosed activities performed by RiserTec's Vice President, Craig Masson, who has provided deposition testimony in this litigation as a fact witness and as a Rule 30(b)(6) designee of Petrobras on numerous topics. Vicinay Cadenas anticipates that Mr. Masson will appear as a witness at trial.

Even after Vicinay Cadenas communicated its objection to the redacted information, RiserTec has not provided any explanation, much less a privilege log, concerning what information was redacted or what was the legal basis therefor. RiserTec's failure in this regard waives any claim to privilege.

Petrobras, for its part, has claimed that the information in the invoices that were redacted by RiserTec is protected by attorney-client privilege and work-product protection. However, like RiserTec, Petrobras waived any claim to privilege, having failed to timely make such claims in response to the Subpoena. In addition, Petrobras provides no details that might permit Vicinay Cadenas to assess these claims. Moreover, no conceivable privilege or protection applies.

Vicinay Cadenas is entitled to know what RiserTec charged DLA Piper for in connection with this litigation. This information is likely relevant to testing at trial Mr. Masson's credibility, the degree to which he is subject to DLA Piper's direction and control, and his potential for bias. Accordingly, Vicinay Cadenas

requests that this Court order RiserTec to produce in un-redacted form the invoices it had previously redacted. Relatedly, RiserTec's custodian of records should be compelled to produce new deposition answers on written questions relating to the un-redacted documents that are the subject of this Motion.

## II.
## IN DEPOSITION, RISERTEC'S VICE PRESIDENT REVEALED AN AGREEMENT CONCERNING THIS LITIGATION BETWEEN HIS COMPANY AND PLAINTIFF'S LEGAL COUNSEL

Mr. Craig Masson is currently Vice President of non-party RiserTec, Inc. Before assuming his current position at RiserTec, he was previously employed by Plaintiff Petrobras and, through this employment, is familiar with some of the facts and events underlying the current litigation.

Pursuant to Rule 30(b)(6), Petrobras designated Mr. Craig Masson as its corporate representative on 15 of 34 maters for examination sought by Vicinay Cadenas (which are more matters on which any one person has been designated by Petrobras). Exh. A, Vicinay Cadenas First Am. Notice of Depo. of C. Masson. Vicinay Cadenas noticed Mr. Masson, in his individual capacity and as Petrobras's Rule 30(b)(6) designee, for deposition on December 18 and 19, 2017. *Id.*

During Mr. Masson's deposition of December 19, he revealed that there was a "contract" or "arrangement" between him or RiserTec (on the one hand) and DLA Piper (on the other hand). Exh. B, Depo. of C. Masson of 19 December 2017 (Excerpt) at 151:25-154:1. Following this revelation, on January 5, 2018, Vicinay

Cadenas served a Rule 45 subpoena on RiserTec's registered agent seeking documents evidencing this "contract" or "arrangement" (hereafter, "Subpoena"). Exh. C, Vicinay Subpoena and Deposition by Written Questions to RiserTec. The Subpoena was accompanied by written deposition questions directed to RiserTec's custodian of records concerning the requested documents. *Id.*

### III.
### RISERTEC PRODUCED IMPROPERLY REDACTED INVOICES AND HAS NOT RESPONDED TO DEMANDS FOR UN-REDACTED VERSIONS

In response to the Subpoena, RiserTec produced three documents:

- An email sent by Craig Masson to Petrobras's lead counsel in this matter plus three Petrobras employees dated November 15, 2017. In the email, Mr. Masson states:

  > "Per verbal instruction from Mike [O'Donnell] and discussion with Ileana [Blanco] just now, I will invoice DLA Piper directly for my time and any associated expenses relating to this subject (i.e., working as a designated person providing testimony on certain matters addressed to PAI in Vicinay's deposition notice).

  > "DLA Piper will invoice PAI accordingly."

  Exh. D, RiserTec Return on Subpoena and Deposition by Written Questions, RIS001.

- An invoice from RiserTec to DLA Piper dated December 4, 2017 for period "November 2017" in the total amount of $10,352.41. *Id.* RIS002. An attached Time & Expenses Record appears to show certain daily entries.

- 4 -

*However, the descriptions of these entries are completely redacted*.  *Id.* RIS003.

- A second invoice from RiserTec to DLA Piper dated January 12, 2018 for period "December 2017" in the total amount of $25,620.69.  *Id.* RIS004.  An attached Time & Expenses Record appears to show certain entries.  *Again, the descriptions of these entries are completely redacted*.  *Id.* RIS005.  *Even the descriptions corresponding to December 18 and 19, the dates on which Mr. Masson gave his deposition, are redacted*.  *Id.* RIS005.

In responding to the Subpoena and producing documents thereon, RiserTec did not object to any part of the Subpoena.  Moreover, it provided no privilege log or other justification for the redactions.

RiserTec's redactions have not been justified, lack foundation, and are wholly improper.  On January 29, Vicinay Cadenas sent a letter to RiserTec, care of Mr. Masson, advising of the failure to make any express claim of privilege and instructing RiserTec to produce the invoices in un-redacted form by February 1, 2018.  Exh. E, Letter from M. Baker to C. Masson of 29 January 2017.  RiserTec never responded to this letter.

RiserTec has failed to fully comply with the Subpoena and its obligations under Rule 45.  Respecting the redacted information, Rule 45(e)(2) required RiserTec to "expressly make the claim" of privilege or protection and "describe the

nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." FED. R. CIV. P. 45(e)(2).

RiserTec fulfilled neither requirement, even after Vicinay Cadenas advised that its redactions were improper. ***Accordingly, RiserTec waived any such claim to privilege or protection.*** *See Louisiana Generating, L.L.C. v. Illinois Union Ins. Co.*, No. CIV.A. 10-516-JJB-SC, 2011 WL 6259052, at *2-3 & n.4 (M.D. La. Dec. 14, 2011) ("Courts within the Fifth Circuit have consistently held that failure to serve timely objections to a Rule 45 subpoena generally results in a waiver of all grounds for objection, including privilege.") (collecting cases).

Furthermore, no conceivable claim of privilege or protection by RiserTec applies. The invoices were evidently exchanged between RiserTec and DLA Piper; there is no indication that DLA Piper is counsel to RiserTec, such that the attorney-client privilege might apply. Moreover, there is no litigation anticipated at this time between Vicinay Cadenas and RiserTec; accordingly, the work product protection does not apply.

### III.
### PETROBRAS LIKEWISE WAIVED ITS PRIVILEGE CLAIMS AND, IN ANY EVENT, NO CONCEIVABLE PRIVILEGE APPLIES

Like RiserTec, Petrobras failed to timely object to any part of the Subpoena or otherwise justify RiserTec's redaction of the documents. Accordingly,

Petrobras, for its part, has waived any claim to privilege or protection. *See Louisiana Generating, L.L.C.*, 2011 WL 6259052, at *2-3 & n.4; *see generally In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) (failure to object to discovery efforts generally waives objections thereto).

On January 31, well after RiserTec had responded to the Subpoena, Petrobras asserted the following claims by way of email message to Vicinay Cadenas:

> As you know, RiserTec is an employed contractor of PAI. Pursuant to applicable law in both Texas and Louisiana law on attorney-client privilege and work-product privilege, Mr. Masson's time entry descriptions in relation to this litigation are privileged.
>
> PAI is asserting the privilege on the redacted time-entry descriptions on the documents referenced in your letter. PAI has instructed Mr. Masson and RiserTec that it will not waive the privilege.

Exh. F, Email message from B. Solberg to M. Baker of 31 January 2018. Petrobras's privilege claim, apart from being waived, is wholly unsubstantiated, deficient, and contrary to basic legal principles.

First, and contrary to Petrobras's assertion, Vicinay Cadenas does not "know" that "RiserTec is an employed contractor of PAI" in relation to this case. Rather, the documents produced by RiserTec appear to show that DLA Piper hired Mr. Masson through RiserTec to give testimony that is (ostensibly) favorable to DLA Piper's client.

- 7 -

Second, there is no attorney-client relationship between RiserTec and DLA Piper (nor, much less, between RiserTec and Petrobras). Petrobras fails to explain how there can be any attorney-client privilege absent an attorney-client relationship. *See United States v. Harrelson*, 754 F.2d 1153, 1167 (5th Cir. 1985) ("One who wishes to assert the attorney-client privilege bears the burden of proving the existence of an attorney-client relationship.")

Finally, there is presently no litigation or trial anticipated between Vicinay Cadenas and RiserTec, or between Vicinay Cadenas and DLA Piper. Nor would the redacted information reveal documents or tangible things that are prepared in anticipation of any litigation or trial. Accordingly, the work product protection does not apply *See* FED. R. CIV. P. 26(b)(3); *see also Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury*, I.R.S., 768 F.2d 719, 721 (5th Cir. 1985) ("The burden of establishing that a document is work product is on the party who asserts the claim[.]").

Accordingly, Petrobras's belated claims to privilege, besides being waived, are incorrect and legally defective.

## IV.
## CONCLUSION

Vicinay Cadenas requests that this Court compel RiserTec to fully comply with the Subpoena by producing the November 2017 and December 2017 invoices (RIS002 through RIS005) in un-redacted form. Vicinay Cadenas requests that, as

to the un-redacted documents to be produced, this Court also compel RiserTec's custodian of records to answer the written questions that Vicinay Cadenas had included with the original Subpoena. Vicinay Cadenas further requests all other just relief to which it may be entitled.

Dated: February 2, 2018

Respectfully submitted,

*/s/ C. Mark Baker*
C. Mark Baker
State Bar No. 01566010
S.D. Tex. Bar No. 993
mark.baker@nortonrosefulbright.com
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

***Attorney-in-Charge for Defendant Vicinay Cadenas, S.A.***

OF COUNSEL
NORTON ROSE FULBRIGHT US LLP
Kevin O'Gorman
State Bar No. 00788139
S.D. Tex. Bar No. 18043
kevin.ogorman@nortonrosefulbright.com
Denton Nichols
State Bar No. 24079056
S.D. Tex. Bar. No. 2078406
denton.nichols@nortonrosefulbright.com
Nicole Lynn
State Bar No. 24095526
S.D. Tex. Bar No. 3041738
nicole.lynn@nortonrosefulbright.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document and accompanying proposed order were filed with the Court's electronic case filing (ECF) system on the 2nd day of February, 2018, which caused an electronic copy of these documents to be served on the following counsel of record who have appeared in this matter:

Ileana M. Blanco
DLA PIPER LLP
1000 Louisiana St. Suite 2800
Houston, TX 77002
Telephone: 713-425-8435
Facsimile: 713-300-6035
ileana.blanco@dlapiper.com

Petrobras has indicated that non-party RiserTec, Inc. is represented in this matter by the attorney identified below. This attorney has not yet made an appearance in this matter. Accordingly, I certify that a copy of the foregoing document and accompanying proposed order are being served today, the 2nd day of February, 2018, by certified mail to the attorney's last known office address below and by electronic mail to the attorney's email address below:

Matthew S. Veech
BOYARMILLER
2925 Richmond Avenue, 14th Floor
Houston, TX 77098
Telephone: 713-850-7766
Facsimile: 713-552-1758
mveech@boyarmiller.com

<i>/s/ C. Mark Baker</i><br>
C. Mark Baker

### Certificate of Conference

Under Local Rule 7.1(D) of the United States District Court for the Southern District of Texas, and as discussed in this Motion, counsel for Vicinay Cadenas has conferred with non-party RiserTec's Vice President, Craig Masson, via correspondence dated January 29, 2018. RiserTec and its attorney have failed to respond to this correspondence or otherwise indicate RiserTec's position on this Motion. For its part, Plaintiff Petrobras does not agree to the relief sought in this Motion. Thus, the parties have reached an impasse, and Vicinay Cadenas must file this Motion for relief.

<i>/s/ C. Mark Baker</i><br>
C. Mark Baker