IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PETROBRAS AMERICAS INC. § | |
| § | |
| Plaintiff § | |
| § | |
| vs. § | Civil Action No. 4:12-cv-0888 |
| § | |
| VICINAY CADENAS, S.A., § | |
| § | |
| Defendants § | |

## ORDER

Before the Court is defendant Vicinay Cadenas, S.A.'s ("Vicinay") motion (Dkt. 328) to compel Petrobras America Inc. ("Petrobras") to produce for deposition an adequately prepared corporate representative. Defendant complains that Petrobras presented a deponent who was entirely unprepared for, and unable to answer, questions on the topics for which he was designated, and now refuses to produce another witness to testify on those topics.

Pursuant to Rule 30(b)(6), Vicinay identified thirty four topics (Dkt. 328-1) upon which it intended to depose a corporate representative for plaintiff. Petrobras designated Gustavo Tardin to testify on two of those topics:

12) The amounts, timing, and uses of all monies received by Petrobas from the insurance underwriters of the construction all risk policy issued for the Cascade-Chinook Project ("CAR Policy")(UW023434 *et seq.*), or from any other party, in connection with the incident, including all monies received by Petrobras under the CAR Policy and/or the Full and Final Settlement, Release and Assignment Agreement (W032171 *et seq.*).

13) The nature, amount, and factual basis of each claim and right assigned, subrogate, conveyed, or transferred by Petrobras or kept, retained, or preserved by Petrobras under the CAR Policy (UW023434 *et seq.*) and/or Part V of the Full and Final Settlement, Release and Assignment Agreement (UW032171 *et seq.*).

When served with a Rule 30(b)(6) deposition notice, a party "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters. . . . The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (footnotes and citations omitted).

On topic number 12, Mr. Tardin testified that the insurance proceeds were "used generally in operations." He explained that Petrobras "ha[s] a central cash [account]. And the cash comes in and—and goes to all these operations." He also testified that "the use of these funds [was] for general corporate proposals. There's no—no other specific purpose." The only question he was unable to answer on this topic was whether any of the insurance proceeds were used to fund a new riser for the Cascade/Chinook Field because he had not researched that specific issue. As a whole, the testimony supports Petrobras' response that Mr. Tardin was prepared to testify on Topic No. 12.

However, Mr. Tardin was wholly unprepared to testify on topic number 13, "the nature, amount, and factual basis of each claim and right assigned, subrogated, conveyed, or transferred by Petrobras or kept, retained, or preserved by Petrobras . . . ." In preparation for the deposition, Mr. Tardin did not review any materials other than the settlement agreement

2

to inform himself on the "nature, amount, and factual basis" of the claims that were assigned or retained by Petrobras. He testified that Petrobras retained the "business interruption" claims, but admitted he did not know the details of those claims. He also did not know the details of the lost profits' claim, Technip's lawsuit in Spain against Vicinay's insurance company, the current amount of Petrobras' claim in the Houston litigation, or the cost to Petrobras to install new tether chains or modify the equipment after the loss to allow production to resume. Petrobras' contention that Mr. Tardin was prepared to testify on topic 13 is belied by his actual testimony.

The Court grants defendant's motion (Dkt. 328), in part.

In accordance with Rule 30(b)(6), Petrobras is ordered to present a corporate representative to testify on "the nature, amount, and factual basis of each claim and right assigned, subrogated, conveyed, or transferred by Petrobras or kept, retained, or preserved by Petrobras under the CAR Policy (UW023434 *et seq.*) and/or Part V of the Full and Final Settlement, Release and Assignment Agreement (UW032171 *et seq.*)" within 21 days of this order.

All other requested relief is denied.

Signed at Houston, Texas on March 15, 2018.

Stephen Wm. Smith
United State Magistrate Judge