IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PETROBRAS AMERICAS INC. § | |
| § | |
| Plaintiff § | |
| § | |
| vs. § | Civil Action No. 4:12-cv-0888 |
| § | |
| VICINAY CADENAS, S.A., § | |
| § | |
| Defendants § | |

## ORDER

Before the Court is defendant Vicinay Cadenas, S.A.'s ("Vicinay") motion (Dkt. 334) to compel the production of unredacted billing records from non-party, RiserTec, Inc. RiserTec, Inc. produced these billing records in response to a subpoena issued pursuant to Federal Rule of Civil Procedure 45.[1] The records document various billing entries for Craig Masson's[2] time and associated expenses providing testimony as Petrobras America Inc.'s ("Petrobras") Rule 30(b)(6) designee. At the direction of Petrobras' attorneys, RiserTec redacted the descriptions of the work that was done. After the records were produced, Vicinay demanded the production of unredacted copies. Petrobras asserted, for the first time, the redacted information was protected by the attorney-client and work-product privileges. (Dkt. 334-6).

---

[1] The Court has considered Petrobras' argument that defendant's motion was untimely. Because it was filed before the deadline to file motions expired, the Court will consider it.

[2] Mr. Masson was employed by Petrobras at the time many of the facts giving rise to this litigation occurred. He subsequently left Petrobras to work for RiserTec.

Defendant insists any objections and assertions of privilege were waived because RiserTec failed to assert them prior to or at the time it responded to the subpoena. It also argues that Petrobras waived its privilege claim because it failed to timely object or assert privilege. Defendant further contends that Petrobras has no privilege to assert because there is no attorney-client relationship between RiserTec and Petrobras' lawyers, and no work product protection because neither RiserTec nor Petrobras' lawyers anticipate litigation with defendant.

"The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B) ] typically constitutes a waiver of such objections," as does failing to file a timely motion to quash. *Isenberg v. Chase Bank USA, N.A.*, 661 F.Supp.2d 627, 629 (N.D.Tex. 2009). But courts have also held that the failure to act timely will not bar consideration of objections in unusual circumstances and for good cause shown. *American Fed. Of Musicians of the U.S. and Canada v. Skodam Films, LLC.*, 313 F.R.D. 39, 43 (N.D.Tex. 2015) (citations omitted). Courts have found find such unusual circumstances where (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery, (2) the parties discussed the issue of compliance with the subpoena prior to the challenge, or (3) the subpoenaed witness is a non-party acting in good faith. *Id.* (citations omitted).

The entries describe Mr. Masson's work and communications with Petrobras' attorneys while preparing to testify in this lawsuit as a representative of Petrobras. These entries clearly fall within the attorney-client and work product privileges. Petrobras did not timely assert privilege, though, and it failed to file a motion to quash the subpoena. However, since the request clearly and unambiguously sought the production of privileged

information, it exceeded the bounds of fair discovery. When it learned of the subpoena, Petrobras affirmatively took steps to protect the information by instructing RiserTec to withhold the privileged information and the privileged information was never disclosed to an adverse party. Rule 45 would allow Petrobras to assert these privileges and demand return of the materials even if the information had been produced in response to the subpoena. FED. R. CIV. P. 45(e)(2)(B). In light of the circumstances, Petrobras' untimely assertion of privilege did not waive those privileges.

Defendant's motion (Dkt. 334) is denied.

Signed at Houston, Texas on March 15, 2018.

Stephen Wm. Smith
United State Magistrate Judge