IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PETROBRAS AMERICAS INC. § | |
| § | |
| Plaintiff § | |
| § | |
| vs. § | Civil Action No. 4:12-cv-0888 |
| § | |
| VICINAY CADENAS, S.A., § | |
| § | |
| Defendants § | |

## **ORDER**

Before the Court is defendant Vicinay Cadenas, S.A.'s ("Vicinay") motion to compel (Dkt. 329) seeking production of "financial valuations" or "economic risk analyses" from plaintiff Petrobras America Inc. ("Petrobras").

Through its numerous requests for production,[1] Vicinay requested production of business plans for the development of wells in the relevant fields, projections for the beginning date and amount of production, information about the actual start date and amount of production, and any sales contracts for the production. (See Dkt. 348-5, requests 106-110). On January 27, 2014, Petrobras agreed to produce business plans and information on actual production quantities. It objected to request 106 asking for projections of production quantity and start dates as vague, ambiguous, and failing to sufficiently identify with reasonable particularity the documents sought.

In December 2017, Vicinay learned that in 2011, a Petrobras employee had given a presentation titled "Risk Analysis and Real Options in Upstream Projects using @Risk: The

---

[1] Vicinay has served at least 111 requests for production on Petrobras.

Gulf of Mexico Case." From the materials that accompanied the presentation, defendant has concluded that Petrobras conducted an economic risk analysis based on "probabilistic productions," "start up dates" and "price models" for the Gulf of Mexico. It argues that this proves there are "valuations in Petrobras America's possession, custody or control that are responsive" to the requests for production. It contends that these valuations are relevant to Petrobras' claims for lost profits from deferred production, and its claim for the cost of the long term rental agreement for equipment that was sidelined during the relevant period. Vicinay insists the trier of fact is entitled to consider the valuation documents Petrobras "had at its disposal when it made its investment and vessel chartering decisions." Vicinay argues that Petrobras did not object to the relevance of the request and has waived that objection.

Petrobras' first argues that the motion is untimely, but that argument is unpersuasive. Vicinay filed this motion before the deadline to file motions expired. It does not seek additional discovery, but rather moves to compel additional responses to previously served discovery. The motion is timely.

Petrobras argues that the materials Vicinay seeks to compel, "internal and external valuations of the Cascade and Chinook Project, including economic risk analysis and real time option analyses of the Project," are not responsive to any of the requests for production. Rule 34 of the Federal Rules of Civil Procedure provides that a request for production of documents "must describe with reasonable particularity each item or category of items to be inspected." FED. R. CIV. P. 34(b)(1)(A). "The particularity or preciseness of designation required by Rule 34 depends on the circumstances of each case." *United States*

*v. Nat'l Steel Corp.*, 26 F.R.D. 607, 610 (S.D. Tex. 1960). "The goal is that the description be sufficient to apprise a man of ordinary intelligence which documents are required." Id. (internal citations omitted).

The requests for production ask for business plans to develop the fields, projected production, actual production, and any contracts to sell the production. These requests do not clearly ask for the "economic risk analyses," "real time option analyses," or internal and external valuations that Vicinay now seeks, so they do not "describe with reasonable particularity" the materials sought. Nor has Vicinay shown this information is within the scope of permissible discovery because it is relevant. *See* FED. R. CIV. P. 34(a) (request for production must be within the scope of Rule 26(b)). Although Vicinay included the reports from Petrobras' damage experts, it did not allege those experts relied upon this information to form or support their opinions. After examining the opinions, it is clear they did not. In fact, Vicinay does not argue that Petrobras calculated its damages based on its pre-production projections and valuations, only that those valuations might show that Petrobras' pre-loss decision to "invest and charter vessels" was a poor business choice. That does not make it relevant to the claims in this case.

Petrobras insists it has produced the relevant valuations for the two wells at issue in this matter. The reports from its experts reflect the actual production from the wells during the relevant time. Further, it is not even clear from the presentation materials that any valuations or risk analyses were done for the individual wells rather than for all projects in Gulf of Mexico as a group. (*See* Dkt 329-4 at 39). Defendant's requests did not describe with reasonable particularity the materials sought, so Petrobras' failure to object that the

3

valuations and risk analyses were not relevant is not waived. FED. R. CIV. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.").

For these reasons, defendant's motion is denied

Signed at Houston, Texas on March 15, 2018.

Stephen Wm. Smith
United State Magistrate Judge