# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| **PETROBRAS AMERICA INC.,** | § | |
|    **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:12-CV-888** |
| | § | |
| **VICINAY CADENAS, S.A.,** | § | |
|    **Defendant.** | § | |
| | § | |

## DEFENDANT VICINAY CADENAS, S.A.'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, MOTION TO STAY PENDING ARBITRATION UNDER THE LOUISIANA BINDING ARBITRATION LAW AND THE FAA

Pursuant to Rule 12(c), Defendant Vicinay Cadenas, S.A. respectfully submits this Motion for Judgment on the Pleadings, on the ground that Petrobras America Inc.'s claims are judicially estopped based on recent representations concerning the basis of its claims.  In the alternative, pursuant to Section 4202 of the Louisiana Binding Arbitration Law ("LBAL"), LA. R.S. § 9:4201 *et seq.* and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, Vicinay Cadenas respectfully moves to stay this action until arbitration is complete.

## SUMMARY

This Court admonished that Petrobras would be "judicially estopped from taking a position based on the Purchase Order because that position would be inconsistent with [its] previous representations to this Court, which the Court relied

on" when deciding not to refer this case to arbitration.  ECF 285 at 6.  This Court further warned that if Petrobras pursued a claim that relies on the Purchase Order, contrary to its repeated representations that it would not do so, then "***the claim would be dismissed***."  *Id.* at 12 n.14 (emphasis added).

Despite these clear admonishments, Petrobras now relies on the Purchase Order in support of its claims, as revealed in a late filing:

> Here, some of the relevant specifications governing the manufacture of the chains were referenced in the Vicinay/Technip Purchase Order. [Citing Purchase Order.] ***Those specifications are relevant to a claim under the LPLA because they govern how the product was to be made.***

ECF 354 at 3.  Thus, according to Petrobras, "Vicinay's failure to comply with the specifications for this chain—some of which were part of the Purchase Order or referenced by that document—are relevant to [Petrobras's] statute-based claims" under the Louisiana Products Liability Act and redhibition statute.  *Id.* at 5.

Petrobras's current position about the Purchase Order's importance to its claims cannot be squared with its repeated representations that "[a]ny reference" to the Purchase Order was "merely contextual," such that each of its claims "stands separate and apart from, and is independent of, the Technip-Vicinay Purchase Order."  ECF 19 at 16-17.  Having gone back on its word, Petrobras is judicially estopped from pursuing its claims.  To protect the integrity of the judicial process, this Court should follow through on its warning that it would dismiss claims based on the Purchase Order, as Petrobras's claims are now expressly revealed to be.

If this Court does not dismiss Petrobras's claims (although it can and it should), then it must stay this proceeding pending arbitration. Petrobras's reliance on the Purchase Order to support its claims, which reliance is now expressly admitted, requires staying this dispute pending arbitration under both the LBAL and the FAA.

Notably, Petrobras did not reveal its reversal of position until March 9, 2018, after the motion cut-off date had passed. Accordingly, the lateness of Petrobras's revelation, among other circumstances, supplies good cause to consider and to decide this Motion before trial.

## I.      BACKGROUND

### A.      In 2012, at the outset of this case, Petrobras disavowed claims relying on the Purchase Order to avoid arbitration.

This case arises out of the alleged failure of a chain that was sold by Vicinay Cadenas to non-party Technip USA Inc. and, in turn, installed on an offshore free-standing hybrid riser system owned and operated by Petrobras. ECF 1 ¶ 7, ¶¶ 10-12; ECF 233 ¶ 6, ¶ 11. Vicinay Cadenas sold the chain to Technip under a Purchase Order dated October 6, 2008. ECF 233 ¶ 11. The Purchase Order contains a mandatory, broad-form arbitration agreement, which requires arbitration of any dispute of any kind in connection with the Purchase Order.[1]

---

[1] The arbitration agreement states, in relevant part:

The original Complaint, filed on March 23, 2012 by Petrobras and its then co-Plaintiffs,[2] recited warranty language from the Purchase Order, and it further alleged that the tether chain failed to conform to contract specifications and express warranties.  ECF 1 (Original Complaint) ¶¶ 27-48.  In light of the Plaintiffs' reliance on the Purchase Order, which contains the arbitration agreement, Vicinay Cadenas filed on November 6, 2012 a motion to stay pending arbitration.  ECF 12.

Petrobras and its co-Plaintiffs opposed arbitration on the ground that their maritime law claims were "premised on representations outside and independent of the Technip-Vicinay Purchase Order."  ECF 19 at 2.  They represented that

> the Technip-Vicinay Purchase Order is not the basis of the Plaintiffs' claims against Vicinay.  Any reference to the Technip-Vicinay Purchase Order in the complaint is merely contextual, and does not

---

Any dispute or difference of any kind which shall arise between Buyer and Seller in connection with the Purchase Order shall, if not settled by agreement between the parties, be settled by arbitration in Houston, Texas, administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules.  The arbitration shall be conducted in the English language.  The arbitration award shall be final and binding upon the Parties concerned.  Judgment upon the award rendered may be entered in any court having jurisdiction, or application may be made to such court for judicial acceptance of the award and/or order of enforcement as the case may be.

ECF 306 (Under Seal), Exhibit F to Vicinay Cadenas' Motion for Summary Judgment on All Claims, Purchase Order General Conditions, § 4 (VCSA00002782).

[2] The co-Plaintiffs were the insurance underwriters of Petrobras's "construction all risk" insurance policy.  *See* ECF 1, ¶ 2.  The underwriters' claims were dismissed on December 1, 2017 pursuant to their settlement agreement with Vicinay Cadenas.  *See* ECF 301, ECF 303.

provide the legal foundation for Plaintiffs claims. . . . ***Each cause of action asserted in Plaintiffs' complaint stands separate and apart from, and is independent of, the Technip-Vicinay Purchase Order.***

*Id.* at 16-17 (emphasis added).  The Plaintiffs thus represented that their claims were "supported by representations made ***outside*** of the Technip-Vicinay Purchase Order." *Id.* at 17 (emphasis added).

In conjunction with their opposition to the motion to stay, the Plaintiffs moved to amend their original complaint.  *See* ECF 18.  The express purpose of their proposed amendment was "***to disclaim any reliance on the Technip-Vicinay Purchase Order.***" and ECF 19 at 17 (emphasis added).  Petrobras later confirmed that the Plaintiffs had sought this amendment "in order to litigate and not arbitrate their maritime tort claims."  ECF 251 at 3.

In an order issued on February 4, 2013, this Court permitted Plaintiffs to amend their complaint and denied Vicinay Cadenas' motion to stay pending arbitration.  *See* ECF 25.  In doing so, this Court accepted the Plaintiffs' representations that their claims were "grounded ***not in the Purchase Order,*** but in representations made by Vicinay to Petrobras (as described in the Carter Declaration [filed at ECF 19-1])."  ECF 25 at 19 (emphasis added).  It also accepted that "the Purchase Order does not provide part of the factual foundation for the claims asserted[.]"  *Id.* at 20.  Thus, because "Plaintiffs do not base their claims on the Purchase Order, have disclaimed any reliance on the Purchase Order, and rely

entirely on claims based on pre-purchase representations and legally imposed duties," this Court declined to hold the Plaintiffs to the arbitration agreement and stay the action. *Id.* at 22 (emphasis added).

After this ruling, Petrobras and its co-Plaintiffs filed an Amended Complaint, *see* ECF 26, and this case proceeded before this Court instead of in arbitration.

## B.   In 2017, Petrobras again disavowed claims relying on the Purchase Order.

On August 11, 2014, this Court granted summary judgment against the Plaintiffs' claims based on the maritime economic loss rule. ECF 83. The Plaintiffs, appealing that decision, convinced the Court of Appeals that Louisiana law, not maritime law, applied. Accordingly, on August 1, 2016, the appellate court reversed the summary judgment and remanded the case. ECF 217; ECF 218. The Supreme Court denied Vicinay Cadenas' petition for certiorari on February 21, 2017. ECF 223.

On March 17, 2017, the Plaintiffs filed the Third Amended Complaint asserting claims under the LPLA, redhibition statute, and other theories. ECF 233. Believing that the redhibition claim contravened the Plaintiffs' prior representations that their claims were not based on the Purchase Order, Vicinay Cadenas moved to dismiss that claim as judicially estopped. ECF 240 at 7-13. In the alterative, Vicinay Cadenas moved to stay this action pending arbitration. ECF 270.

Opposing the motions to dismiss and to stay, Petrobras once again disavowed

the Purchase Order.  Petrobras acknowledged that it and the other co-Plaintiffs had

"'disclaim[ed] any reliance on the Technip-Vicinay Purchase Order' and stated their

claims are 'premised on representations outside and independent of the Technip-

Vicinay purchase order' and 'can be determined without reference' to the purchase

order.'"   ECF 251 at 13 (quoting February 4, 2013 order (ECF 25)).   In various

permutations,   they   repeatedly   and   emphatically   reaffirmed   their   prior

representations.[3]  Petrobras apparently intended to convince this Court that its claims

were not based in any way on the Purchase Order.

**C.    This Court, while deciding not to stay the action, admonished that Petrobras would be judicially estopped from pursuing claims based on the Purchase Order.**

In a consolidated order issued on September 6, 2017, this Court noted that the

---

[3] See quotations below from Plaintiffs' Opposition to the motion to stay:

- ""Vicinay's representations to Petrobras, rather than any express terms of the Purchase Order, form the basis of Plaintiffs' claims against Vicinay."" ECF 274 at 6 (quoting February 4, 2013 order (ECF 25)).

- "All of Plaintiffs' claims in the Third Amended Complaint, including the redhibition claim, are still based on 'Vicinay's representations to Petrobras, rather than any express terms of the Purchase Order.'"   *Id.* at 8 (quoting February 4, 2013 order (ECF 25)).

- "As before, 'Plaintiffs do not base their claims on the Purchase Order, have disclaimed any reliance on the Purchase Order, and rely entirely on claims based on pre-purchase representations and legally imposed duties.'"   *Id.* at 8 (quoting February 4, 2013 order (ECF 25)).

- "No claim in the Third Amended Complaint is based on the Purchase Order.   Rather, as with the Amended Complaint discussed in the Court's 2013 Order, all of Plaintiffs' claims continue to be based on representations and warranties made by Vicinay to Plaintiffs."   *Id.* at 10.

Plaintiffs had "disavowed claims relying specifically on the Purchase Order." ECF 285 at 6 n.6.  Even so, this Court found that, as it had "found in its February 4, 2013 Order, Plaintiffs had disclaimed any reliance on the Purchase Order and Plaintiffs have again reaffirmed that position." *Id.* at 8.  Therefore, the redhibition claim, as the Plaintiffs had framed it, "is not inconsistent with [Plaintiffs'] previous disavowal of claims relying on the Purchase Order." *Id.*  This Court also found that the redhibition claim "can be determined without referencing the Purchase Order." *Id.* at 11.  This Court therefore denied the motions to dismiss the redhibition claim and to stay the action pending arbitration. *Id.* a 8, 11, 15-16.

At the same time, this Court admonished that the "Plaintiffs are judicially estopped from taking a position based on the Purchase Order because that position would be inconsistent with Plaintiffs' previous representations to this Court, which the Court relied on in denying Vicinay's First Motion to Stay." *Id.* at 6.  It further agreed with Vicinay Cadenas that "based on Plaintiffs' previous representations to the Court, Plaintiffs are estopped from pursuing *any* claim that relies on the Purchase Order." *Id.* at 11-12 n.14 (emphasis added).  "Thus, if the redhibition claim *was* based on the Purchase Order," then Vicinay Cadenas' motion to stay would be moot "because ***Plaintiffs would be estopped from pursuing the redhibition claim and the claim would be dismissed***." *Id.* at 12 n.14 (latter emphasis added).  Of course, the Court's logic applies with equal force to any claim based on the Purchase Order,

including claims under the LPLA.

Vicinay Cadenas timely filed an interlocutory appeal of this Court's decision

not to require arbitration. *See* ECF 287. This appeal remains pending.[4]

**D.**   **After the motion cut-off date passed, Petrobras revealed that its claims** ***are*** **based on the Purchase Order, contrary to its prior representations.**

After this Court rendered its decisions on the motions to dismiss and to stay,

the parties proceeded to accomplish by the January 19, 2018 cut-off date as much of

the remaining discovery as possible (consisting largely of taking depositions). *See*

ECF 292 at 2-6 (setting forth remaining depositions to be taken); ECF 293

(continuing discovery cut-off date).

On February 16, 2018, Vicinay Cadenas filed a motion to partially exclude

the testimony of two of Petrobras's technical experts, Dr. Simon Bellemare and Dr.

Thomas Eagar. *See* ECF 343.[5]   "Whether the contractual specifications and

requirements permitted Vicinay Cadenas to perform repair welding" is one matter

on which Vicinay Cadenas has sought to exclude their testimony. *Id.* at 3. The

---

[4] Although the parties have fully briefed the appeal, the Court of Appeals has not yet set this appeal for argument as of the date that this Motion is filed.

[5] Although the deposition of Dr. Bellemare deposition was originally scheduled to take place on January 17, 2018, an unforeseen weather event prevented his arrival in Houston. Accordingly, the parties agreed to reschedule his deposition for January 30, only three days before the scheduled motion cut-off date. Petrobras stipulated not to make a timeliness challenge to any motion that Vicinay Cadenas might file on or by February 16, 2018 to challenge the testimony of Dr. Bellemare or Dr. Eagar. Vicinay Cadenas' motion was filed on this date.

Motion to Partially Exclude argues that, "[b]y the same token" that Petrobras is estopped from pursuing claims based on the Purchase Order, "it is estopped from submitting evidence—including by way of their experts—to support claims based on" that contract.  *Id.* at 7.

Petrobras responded by backpedaling all of its prior assertions that its claims were in no way based on the Purchase Order.  In its response of March 9, 2018, it declared that "[t]he specifications for manufacture ***are*** relevant to [Petrobras's] statutory claims."  ECF 354 at 2 (emphasis added).  It continued:

> Here, some of the relevant specifications governing the manufacture of the chains were referenced in the Vicinay/Technip Purchase Order. *See, e.g.*, Purchase Order, Exhibit F to Vicinay Motion, at VCSA0002886-2962 (chain specifications). ***Those specifications are relevant to a claim under the LPLA because they govern how the product was to be made.***

*Id.* at 3 (emphasis added).  In addition, as part of a the "relevant documents" that supposedly "evidenc[e]" a "warranty" that no repair welding would be performed, Petrobras again cited the Purchase Order.  *See id.* at 4.  Thus, according to Petrobras, "Vicinay's failure to comply with the specifications for this chain—***some of which were part of the Purchase Order or referenced by that document***—are relevant to [Petrobras's] statute-based claims."  *Id.* at 5 (emphasis added).

With Petrobras having expressly revealed that its claims are, after all, based on the Purchase Order, Vicinay Cadenas promptly filed this Motion.

## II.   APPLICABLE STANDARDS

"A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and judgment on the merits of the case can be determined by looking to the substance of the pleadings and any judicially noticed facts." *Rodriguez v. CHRISTUS Spohn Health Sys. Corp.*, 874 F. Supp. 2d 635, 653 (S.D. Tex. 2012) (Rainey, J.) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002)).  To protect the integrity of the judicial process, Courts have the power to dismiss judicially estopped claims pursuant to Rule 12(c).  *See U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 271, 274-76 (5th Cir. 2015) (affirming dismissal of judicially estopped claims).[6]

Motions to stay pending arbitration under the LBAL must be granted upon any issue referable to arbitration.  *See* LA. STAT. § 9:4202; *Aguillard v. Auction Mgmt. Corp.*, 908 So.2d 1, 7 (La. 2005).  The FAA is to the same effect.  *See* 9 U.S.C. § 3; *Hornbeck Offshore Corp. v. Coastal Carriers Corp.*, 981 F.2d 752, 754 (5th Cir. 1993).

## III.   ARGUMENT AND AUTHORITIES

Petrobras's claims, being based on the Purchase Order, are barred by the judicial estoppel doctrine and should therefore be dismissed.  If this Court does not

---

[6] If this Court concludes that this Motion should instead be "treated as one for summary judgment under Rule 56," then Vicinay Cadenas respectfully requests that the Motion be treated as such.  *See* FED. R. CIV. P. 12(d).

dismiss the claims, then a stay pending arbitration is mandatory.

**A.     Petrobras's claims, now revealed as being based on the Purchase Order, are judicially estopped and should be dismissed**

Judicial estoppel applies when a party takes a position that is clearly inconsistent with its previous one, and the party convinced the court to accept that previous position.  *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003).  The requirements of judicial estoppel are met here.

**1.     Petrobras's present reliance on the Purchase Order is clearly inconsistent with its prior disclaimers.**

As recounted above (at 3-7), Petrobras expressly disclaimed reliance on the Purchase Order.  In 2012, it told this Court that the Purchase Order was "not the basis of the [its] claims against Vicinay," and that "[a]ny reference" to that Order was "merely contextual."  ECF 19 at 16-17.  More recently, in 2017, it told this Court that its claims were "based on representations and warranties made by Vicinay ***directly to Petrobras***, and are separate from, and do not rely on, any representations or warranties Vicinay made to Technip in the Purchase Order."  ECF 274, at 9 (emphasis in original).  According to Petrobras (at the time), none of its claims "must be determined by reference to specific provisions in the Purchase Order."  *Id.* at 10.

But now, Petrobras sings a different tune, claiming that the Purchase Order "specifications . . . ***are relevant*** to [its] statute-based claims" and, further, that the Purchase Order "evidenc[es]" a "warranty" not to perform repair welding.  ECF 354

at 4-5.  Petrobras intends to rely on the Purchase Order (and, not to mention, expert testimony thereon) to show "that the chains were unreasonably dangerous under the LPLA, that they were useless for their intended purpose, and were so imperfect that they would never have been purchased had the defect been known."  ECF 354 at 5.

Petrobras's current position about the importance of the Purchase Order to its claims is clearly inconsistent with its previous position.  This reversal of positions satisfies the first prong of the judicial estoppel doctrine.  *See Hall*, 327 F.3d at 396. Indeed, "deliberately changing positions according to the exigencies of the moment," as Petrobras has, is the precise conduct that the judicial estoppel doctrine is meant to remedy.  *United States v. McCaskey*, 9 F.3d 368, 378 (1993).

Thus far, the only reason suggested by Petrobras for why it "has not taken inconsistent positions" is that its claims are "statutory" and it "is not suing for a breach of the Technip/Vicinay Purchase Order[.]" ECF 354 at 2, 6-9.  But the taxonomy of Petrobras's claims—whether they sound in contract, tort, or statute— is a red herring.  This Court did not decide that Petrobras's claims could proceed in this forum (instead of in arbitration) simply because the claims were non-contractual. Rather, it decided so because the claims were avowedly "not based . . . on the Purchase Order," Petrobras had "disclaimed any reliance on the Purchase Order," and it instead relied on "pre-purchase representations and legally imposed duties[.]" ECF 25 at 22; *see also* ECF 285 at 8 (same).  Expressly, this Court's decision did

not depend on whether Petrobras's claims were classifiable as "contract and warranty claims." ECF 285 at 6 n.6. The salient point was that "the Purchase Order does not provide part of the ***factual foundation*** for the claims asserted[.]" ECF 25 at 20 (emphasis added).

Contractual or not, Petrobras's claims, as they are now framed, are based at least in part on the Purchase Order, contrary to its prior representations.

### 2.    The Court twice relied on Petrobras's disavowal of the Purchase Order when it decided not to stay this proceeding.

This Court plainly relied on Petrobras's prior representations that its claims were not based on the Purchase Order. In the 2013 order, this Court "decline[d] to apply direct-benefits estoppel" expressly "***[b]ecause***" of Petrobras's prior representations. ECF 25 at 22 (emphasis added). In the 2017 order, this Court noted that the 2013 order had "relied on" Petrobras's "previous representations to this Court," and it declined arbitration a second time because Petrobras "again reaffirmed that position." ECF 285 at 6, 8. Because Petrobras convinced this Court to accept its previous positon, the second and final prong of the judicial estoppel doctrine is also satisfied. *See Hall*, 327 F.3d at 396.

### 3.    Dismissal of Petrobras's claims is the proper remedy.

This Court warned Petrobras that if its redhibition claim "*was* based on the Purchase Order," then it "would be estopped from pursuing the redhibition claim and the claim would be dismissed." ECF 285 at 12 n.14. This logic applies equally

to the LPLA claims, since Petrobras "is estopped from pursuing any claim that relies on the Purchase Order." *Id.*

As shown above, Petrobras has flagrantly disregarded this Court's warning. Therefore, "'to protect the integrity of the judicial process,'" this Court should dismiss Petrobras's claims pursuant to the judicial estoppel doctrine. *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999) (quoting *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988)). Dismissal is the proper remedy to Petrobras's forbidden attempt to pursue claims based on the Purchase Order, contrary to its multiple and emphatic representations to this Court. *See GSDMIdea City*, 798 F.3d at 271-72 (affirming dismissal of claims pursuant to judicial estoppel doctrine).[7]

**B.    If Petrobras's claims are not dismissed (though they should be), then this proceeding must be stayed pending arbitration.**

**1.    Petrobras's claims, which rely on the Purchase Order, are arbitrable.**

In opposing arbitration in the past, Petrobras has denied that it is bound to the arbitration agreement contained in the Purchase Order. This denial can no longer withstand scrutiny.

---

[7] *See also In re Superior Crewboats, Inc.*, 374 F.3d 330, 334-36 (5th Cir. 2004) (reversing district court's decision not to dismiss judicially estopped claims, and remanding with order to dismiss those claims); *United States v. Tangipahoa Par. Sch. Bd.*, No. CV 12-2202, 2017 WL 4049596, at *4 (E.D. La. Sept. 13, 2017) (dismissing judicially estopped claims pursuant to Rule 12(c)); *Abreu v. Zale Corp.*, No. 3:12-CV-2620-D, 2013 WL 1949845, at *5 (N.D. Tex. May 13, 2013) (same).

Under Louisiana law,[8] "a '[p]arty cannot have it both ways; he cannot rely on the contract when it works to [his] advantage and then repudiate it when it works to his disadvantage.'" *Authenment v. Ingram Barge Co.*, 878 F. Supp. 2d 672, 681 (E.D. La. 2012) (quoting *Shroyer v. Foster*, 814 So.2d 83, 89 (La. App. 1 Cir. 2002)). In other words, Louisiana law does not permit a non-signatory "to claim the benefits of [a contract] and simultaneously avoid its burdens." *Shroyer*, 814 So.2d at 88-89. This principle mirrors the federal direct-benefits estoppel doctrine, whereby a party may "'embrace' a contract," and thus be bound by the arbitration agreement contained therein, in a number of ways, including "by seeking to enforce the terms of that contract or asserting claims that must be determined by reference to that contract.'" *Todd v. Steamship Mut. Underwriting Ass'n, Ltd.*, No. CIV.A. 08-1195, 2011 WL 1226464, at *7 (E.D. La. Mar. 28, 2011) (analyzing this issue under Louisiana and federal law, and quoting *Noble Drilling Servs. v. Certex USA, Inc.*, 620 F.3d 469, 473 (5th Cir. 2010)).

As now framed by Petrobras, its claims are unmistakably based on the

---

[8] Whether Petrobras is bound to the arbitration agreement, despite being a non-signatory, is governed by state law. *See Todd v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd.*, 601 F.3d 329, 336 (5th Cir. 2010) (The Supreme Court has "made clear that state law controls whether an arbitration clause can apply to nonsignatories." (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009))). Even so, both Louisiana law and federal common law will require arbitration under the circumstances here. *See Authenment v. Ingram Barge Co.*, 878 F. Supp. 2d 672, 681 (E.D. La. 2012) (noting similarities of Louisiana and federal law on this issue).

Purchase Order.  It expressly relies in part on the Purchase Order's specifications for "at least two of the four ways to prove a violation of the LPLA[.]"  ECF 354 at 3-4 (citing LPLA's manufacturing defect and express warranty provisions).  Petrobras additionally relies on the Purchase Order to establish a redhibitory defect.  *Id.* at 5 (citing redhibition statute).  It irrelevant that the Purchase Order may form only part of the basis for these claims.  Rather, it is enough to bind Petrobras to the arbitration agreement that it "seeks to assert a claim based on the provisions" of the Purchase Order.  *Shroyer*, 814 So.2d at 88-89; *see also Blaustein v. Huete*, 449 F. App'x 347, 350-51 (5th Cir. 2011) (holding that plaintiff was bound to arbitration agreement where his claims "must be determined, ***at least in part***, by reference" to a fee agreement, "whether they all enforce the fee agreement or not" (emphasis added)).[9]

Because Petrobras bases its claims, at least in part, on the Purchase Order, and its claims fall within the scope of the arbitration agreement contained therein, this Court (if it does not dismiss the action) must stay this proceeding pursuant to the LBAL and FAA.

---

[9] *See also Hays v. HCA Holdings, Inc.*, 838 F.3d 605, 609 (5th Cir. 2016) (affirming direct-benefits estoppel finding because tortious interference claim must be determined by reference to the contract, with which the defendants allegedly interfered); *Glazer's, Inc. v. Mark Anthony Brands Inc.*, No. SA-11-CV-977-XR, 2012 WL 2376899, at *4 (W.D. Tex. June 22, 2012) (finding direct-benefits estoppel doctrine satisfied because, although the plaintiff "did not bring a direct breach of contract claim," its statutory and non-contractual claims "cannot avoid reference to the Agreement" containing the arbitration clause).

### 2.   Vicinay Cadenas' present request for arbitration is timely.

In response to the 2017 motion to stay, Petrobras argued that Vicinay Cadenas had waived its right to require arbitration by participating in the litigation.   *See* ECF 274 at 13-14.   Should Petrobras reattempt this argument—despite that this Court did not accept it the last time around—it will not succeed.

As a threshold matter, Petrobras cannot argue waiver of the right to require a stay under the LBAL because the "firmly established" rule under that state statute is that "the issue of alleged waiver is a question for the arbitrator, not for the court." *Univ. of La. Monroe Facilities, Inc. v. JPI Apartment Dev.*, L.P., 151 So.3d 126, 133 (La. App. 2 Cir. 2014); *see also Int'l River Ctr. v. Jones–Manville Corp.*, 861 So.2d 139 (La. 2003) ("waiver is reserved for the arbitrator to decide").   This rule applies equally when the party opposing arbitration is not a signatory to the arbitration agreement.   *Univ. of La. Monroe Facilities*, 151 So.3d at 133 (refusing non-signatory's argument).

Furthermore, federal courts adopt "a strong presumption against a finding that a party waived its contractual right to arbitrate, and any doubts thereabout must be resolved in favor of arbitration." *Gulf Guar. Life Ins. Co. v. Connecticut Gen. Life Ins. Co.*, 304 F.3d 476, 484 (5th Cir. 2002) (internal quotation marks and citation omitted).   Waiver cannot be found when, as here, the defendant "had to participate in the litigation in order to protect [itself] if the district court chose not to stay the

proceedings." *Steel Warehouse Co. v. Abalone Shipping Ltd. of Nicosai*, 141 F.3d 234, 238 (5th Cir. 1998).

After this Court chose not to stay the proceedings in the 2017 order, Vicinay Cadenas participated in these proceedings because it had no choice but to protect itself.   Thus, waiver of the right to arbitrate cannot be found based on Vicinay Cadenas' unwilling participation in the proceeding after this Court denied a stay pending arbitration.  *See id.*; *see also Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 420 n.5 (5th Cir. 1985) (after denial of stay, defendant "could take whatever steps it felt necessary to protect its interests").

## C.     Petrobras's reversal of position, being revealed so late in the proceeding, supplies good cause for this Motion to be considered.

This Court's scheduling order provides that a motion may be filed after the motion cut-off date "for good cause shown."    ECF 284; *see also* ECF 293 (continuing motion cut-off date to February 2, 2018).   Indeed, the "good cause" standard is generally used in this situation.  *See*, *e.g.*, *GSDMIdea City*, 798 F.3d at 275-76.  Good cause is shown by a "persuasive reason why the dates originally set by the scheduling order for the filing of dispositive motions could not 'reasonably be met despite the diligence of the party seeking the extension.'" *See Argo v. Woods*, 399 F. App'x 1, 3 (5th Cir. 2010) (quoting FED. R. CIV. P. 16(b), Advisory Committee's Note (1983)).  Good cause exists here.

Despite Vicinay Cadenas' diligence, the present Motion could not reasonably

have been filed before the motion cut-off date set by this Court.  Petrobras made repeated and emphatic representations that its claims were not based on the Purchase Order.  Vicinay Cadenas relied on this Court's warning that if these representations turned out to be untrue, the claims would be dismissed.  Only on March 9, 2018, after the motion cut-off date had passed, Petrobras revealed that it would in fact rely on the Purchase Order.  Thus, the fault for any prejudice caused by the Motion's timing falls at Petrobras's own feet.  Further, the Motion is important, as it is potentially dispositive of this case and seeks to protect the judicial integrity of this Court.  And the core issue underlying the Motion—whether Petrobras is judicially estopped from relying on the Purchase Order as it proposes to—would have to be decided by the Court before or during trial, in any event.  For all of these reasons, ample good cause supports consideration of the present Motion.

## CONCLUSION

Vicinay Cadenas respectfully requests that this Court dismiss with prejudice Petrobras's claims, which are judicially estopped.  In the alternative, this Court should stay this action pending the completion of arbitration of Petrobras's claims.  In all events, Vicinay Cadenas respectfully requests all just relief to which it is entitled.

Dated:        March 19, 2018                    Respectfully submitted,

                                                */s/ C. Mark Baker*
                                                _____
                                                   C. Mark Baker
                                                   State Bar No.  01566010
                                                   S.D. Tex. Bar No. 993
                                                   mark.baker@nortonrosefulbright.com
                                                Fulbright Tower
                                                1301 McKinney, Suite 5100
                                                Houston, TX  77010-3095
OF COUNSEL                                      Telephone:  (713) 651-5151
NORTON ROSE FULBRIGHT US LLP                    Facsimile:   (713) 651-5246
Kevin O'Gorman
State Bar No.  00788139                         Attorney-in-Charge for Defendant Vicinay
S.D. Tex. Bar No. 18043                         Cadenas, S.A.
kevin.ogorman@nortonrosefulbright.com
Denton Nichols
State Bar No. 24079056
S.D. Tex. Bar. No. 2078406
denton.nichols@nortonrosefulbright.com
Nicole Lynn
State Bar No. 24095526
S.D. Tex. Bar No. 3041738
nicole.lynn@nortonrosefulbright.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion and accompanying proposed order were filed with the Court's electronic case filing (ECF) system on March 19, 2018, which caused an electronic copy to be served on the following counsel of record who have appeared in this matter:

Ileana M. Blanco
DLA PIPER LLP
1000 Louisiana St. Suite 2800
Houston, TX 77002
Telephone: 713-425-8435
Facsimile: 713-300-6035
Ileana.blanco@dlapiper.com

_/s/ C. Mark Baker_
C. Mark Baker

## <u>CERTIFICATE OF CONFERENCE</u>

Under Local Rule 7.1 of the United States District Court for the Southern District of Texas, counsel for Vicinay Cadenas has conferred with Plaintiff Petrobras America Inc. via email on March 19, 2018.  Petrobras does not agree to the relief sought in this Motion.  Thus, the parties have reached an impasse, and Vicinay Cadenas must file this Motion for relief.

*/s/ C. Mark Baker*

C. Mark Baker
